UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARITZA VACA,<br>JOSE CONTRERAS, and<br>ALEJANDRA VACA, | )<br>)<br>)<br>) | **FILED: DECEMBER 18, 2008**<br>**08 CV 7235**<br>**JUDGE KENNELLY**<br>**MAGISTRATE JUDGE SCHENKIER** |
| Plaintiffs, | ) | No. **AEE** |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO,<br>Chicago Police Officers<br>RICK CABALLERO, Star 11141,<br>FRED CARUSO, Star 11419,<br>RAFAEL ACEVEDO, Star 14753,<br>PAUL POWERS, Star 7923,<br>LESLIE SILESE, Star 9646,<br>JORGE GONZALEZ, Star 3445,<br>GEORGE GRANIAS, Star 1731,<br>LISA MELENDEZ, Star 17938,<br>SERGEANT HUGHES, Star 1440, and<br>Unknown Chicago Police Officers<br>JOHN DOES and JANE ROES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Jury Demand |
| Defendants. | ) | |

## **COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### **Parties**

4. Plaintiffs are residents of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On or about February 4, 2007, at approximately 6:30 p.m., Plaintiffs MARITZA VACA and JOSE CONTRERAS arrived at the Home Run Inn at 4254 West 31st Street in Chicago to watch the Super Bowl.

9. Plaintiff ALEJANDRA VACA arrived a short while later.

10. Around 9:30 p.m., Defendant-Officer RICK CABALLERO, approached Plaintiffs' table and started swearing and yelling at JOSE.

11. Plaintiffs told CABALLERO they were leaving.

12. MARITZA and ALEJANDRA stood up and tried to place themselves between Defendant CABALLERO and JOSE so nothing else would happen.

13. CABALLERO pushed MARITZA to the side so he could grab JOSE.

14. CABALLERO grabbed JOSE and threw him on a table.

15. As JOSE fell onto the ground, ALEJANDRA saw other men approaching them. When she saw this, she tried to help JOSE get up so that the three Plaintiffs could leave.

16. CABALLERO threw himself at ALEJANDRA and started to hit her.

17. ALEJANDRA lost consciousness from the beating.

18. MARITZA told CABALLERO to stop hitting her sister, but CABALLERO would not stop.

19. Additional police officers, Defendant-Officers herein, arrived.

20. JOSE was trying to get up. Approximately five Defendant-Officers were holding JOSE down on the floor and were punching and kicking him.

21. Defendant-Officers punched, slapped, and choked MARITZA when she tried to get up.

22. The Defendant-Officers dragged ALEJANDRA on the floor. Defendant-Officers hit ALEJANDRA because she was trying to get up from the floor.

23. All three Plaintiffs were arrested.

2

24. Plaintiffs were searched. No contraband or evidence of criminal activity was found.

25. Plaintiffs were taken to Saint Anthony Hospital in Chicago for treatment of their injuries. MARITZA and JOSE suffered blunt head trauma, MARITZA was diagnosed with a concussion, and all three Plaintiffs had multiple bruises and other injuries.

26. Plaintiff MARITZA VACA was charged with battery. The case was docketed in the Cook County Circuit Court as: People v. Vaca, 07-194798. The case was stricken on March 7, 2007.

27. Plaintiff JOSE CONTRERAS was charged with battery and assault. The case was docketed in the Cook County Circuit Court as: People v. Contreras, 07-193552. The case was stricken on March 7, 2007.

28. Plaintiff ALEJANDRA VACA was not charged with any crime.

29. The Defendant-Officers acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, monies posted for bond, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

31. Plaintiffs reallege paragraphs 1 through 30 as if fully set forth herein.

32. The seizure of Plaintiffs without reasonable suspicion or any other legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

33. Plaintiffs reallege paragraphs 1 through 30 as if fully set forth herein.

34. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiffs.

35. The arrest of Plaintiffs without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

36. Plaintiffs reallege paragraphs 1 through 30 as if fully set forth herein.

37. Defendant-Officers violated Plaintiffs' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

38. Plaintiffs reallege paragraphs 1 through 30 as if fully set forth herein.

39. While Plaintiffs were subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

40. Defendant-Officers were deliberately indifferent to Plaintiffs' right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

41. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

42. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiffs*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595